42 F.3d 1391
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dimitri PECOSKI, Plaintiff/Appellant,
v.
VENTURE STORES, INCORPORATED, Defendant/Appellee.
 No. 93-2348.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 2, 1994.*
Decided Dec. 14, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Dimitri Pecoski brought this action under Title VII to recover damages for his alleged unlawful discharge from the employment of Venture Stores, Inc. ("Venture"). Both parties consented to having a magistrate judge adjudicate. The magistrate judge granted Venture's motion to dismiss for failure to state a claim. Pecoski appeals. We affirm.
 
 
 2
 Pecoski was fired from his job in August, 1989. Subsequently, he hired a lawyer and filed a complaint in federal district court under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e ("Title VII"). In his complaint, Pecoski alleges that his discharge violated Title VII because Venture dismissed him because of his national origin, his age, in retaliation for filing a worker's compensation claim, and in retaliation for filing charges with the Equal Employment Opportunity Commission ("EEOC").
 
 
 3
 Venture filed a motion to dismiss, or, in the alternative, for a more definite statement of Pecoski's claim. Before responding to this motion, Pecoski's attorney withdrew from the case, by permission of the court. Pecoski requested, and was granted, a court-appointed attorney. This second attorney withdrew upon informing the court that he believed Pecoski's claim to be without merit. Pecoski hired a third attorney, who withdrew because Pecoski failed to pay a retainer fee. Ultimately proceeding pro se, Pecoski failed to respond to Venture's motion to dismiss, despite warnings from the magistrate judge. The magistrate judge granted Venture's motion and dismissed the complaint for failure to state a claim because Pecoski had failed to satisfy the statutory conditions required for a Title VII claim: the EEOC had neither investigated Pecoski's discharge nor issued a right-to-sue letter for this claim. Still proceeding pro se, Pecoski appeals.
 
 
 4
 On appeal, Pecoski makes no argument concerning the statutory prerequisites for a Title VII claim. He does not challenge the finding that he failed to acquire a right-to-sue letter from the EEOC, or show why that would be unnecessary. In his reply brief, Pecoski contends that his discharge was discriminatory, but fails to argue why the magistrate judge was wrong in applying the statutory requirements of Title VII. Pecoski, hence, has waived this issue on appeal. See Alexander v. Gerhardt Enters., No. 93-3110, slip op. at 7 (7th Cir. Nov. 14, 1994); Hartz v. Friedman, 919 F.2d 469, 475 (7th Cir.1990) ("We must evaluate the arguments that the appellants actually made, and not the arguments they could have made.").
 
 
 5
 Instead of addressing the merits of the magistrate judge's decision, Pecoski instead argues that it was error to dismiss his complaint because he received ineffective assistance of counsel. This argument is without merit. The Sixth Amendment guarantee of effective assistance of counsel is not applicable in civil cases. See Lewis v. Lane, 816 F.2d 1165, 1169 n. 6 (7th Cir.1987) ("The principle that there is, in general, no constitutional or statutory right to effective assistance of counsel in civil cases is well established." (citations omitted)). In narrow circumstances, however, there may be a limited due process right to counsel. Lassiter v. Department of Social Servs., 452 U.S. 18, 26-27 (1981) (indigent litigant in parental status termination proceeding may have right to appointed counsel if potential deprivation of physical liberty exists, and the circumstances warrant appointment). However, Pecoski's suit for damages does not involve the potential loss of a physical liberty interest and, hence, the exception does not apply. Thus, it was not error for the magistrate judge to dismiss Pecoski's complaint for failure to state a claim.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record